# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**RANDALL E. ROGERS; PATRICIA A.
ROWAN; JANICE MAIOLI; JOHN
HUGHES,**

      **Plaintiffs,**

**v.**                                              **Case No.  8:08-cv-602-T-30TGW**

**KAR HOLDINGS, INC.; ADESA INC.;
INSURANCE AUTO AUCTIONS, INC.;
ADESA FLORIDA LLC,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant KAR Holdings, Inc.'s Motion

to Dismiss (Dkt. 16), Plaintiffs' Response in opposition to the same (Dkt. 21), Defendant

Insurance Auto Auctions, Inc.'s Motion to Dismiss (Dkt. 17), Plaintiffs' Response in

opposition to the same (Dkt. 20), Plaintiffs' Combined Response to Defendant KAR

Holding's Motion to Dismiss for Lack of Personal Jurisdiction and Motion for Enlargement

of Time to Respond to Motion to Dismiss and for Entry of Order Permitting Discovery (Dkt.

22), and Defendant KAR's Response to Plaintiff's Motion for Leave to Take Discovery and

then File Third Response to Motion to Dismiss (Dkt. 28).  The Court, having reviewed the

motions, responses, and supporting memoranda, and being otherwise fully advised in the

premises, determines Defendants' motions should be granted.

**Background**

Plaintiffs, on behalf of themselves and similarly situated employees, allege Defendants wrongfully denied them overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-209 (the "FLSA"). The four Representative Plaintiffs claim to be former employees of Defendant ADESA, Inc. ("ADESA"), a provider of wholesale new and used vehicle auctions. In their Complaint, Plaintiffs allege Defendant KAR Holdings, Inc. ("KAR"), is the holding company for both ADESA and Defendant Insurance Auto Auctions, Inc. ("IAAI"). Plaintiffs further allege that ADESA is the holding company for Defendant ADESA Florida LLC ("ADESA Florida"). Plaintiffs claim ADESA, IAAI, and ADESA Florida are commonly owned and operated by KAR, and are similarly engaged in related activities pertaining to the enterprise of auctioning vehicles in the wholesale market.

Defendants KAR and IAAI argue they should be dismissed from this action because Plaintiffs have failed to state a claim against them upon which relief can be granted. The Court agrees with Defendants. Because the Court determines Plaintiffs have failed to state a claim against either KAR or IAAI, it need not address whether it has personal jurisdiction over KAR.[1] As a result, Plaintiff's Motion for Leave to Take Discovery and then File Third Response to Motion to Dismiss will be denied as moot (Dkt. 22).

---

[1]In its Motion to Dismiss, KAR argues it should be dismissed because (i) this Court lacks personal jurisdiction over KAR, and (ii) Plaintiffs have failed to state a claim upon which relief can be granted. Normally the Court would resolve the issue of personal jurisdiction first. However, as unnecessary discovery may be avoided by addressing Defendant KAR's alternative ground for relief first, the Court has elected to do so.

## Legal Standard

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

## Discussion

Plaintiffs argue that KAR, ADESA, ADESA Florida, and IAAI operate as a single "enterprise" under the FLSA. The FLSA defines enterprise as "related activities (either through unified operation or common control) by any person or persons for a common

business purpose." 29 U.S.C. § 203(r)(1); *Patel v. Wargo*, 803 F.2d 632, 635 (11th Cir.

1986). Plaintiffs' Complaint alleges that:

> [t]he Defendants, ADESA, IAAI, and ADESA Florida are all commonly owned and operated by KAR Holdings, and are similarly situated in related activities pertaining to the enterprise of auctioning vehicles in the wholesale market. Pursuant to Title 29 of the Code of Federal Regulations Section 779, the Defendants are subject to the FLSA, and properly joined together in this suit.[2]

Plaintiffs' Collective Action Complaint, ¶ 12 (Dkt. 1). Furthermore, Plaintiffs bring their

claim for unpaid overtime compensation "on behalf of all persons who work, or who have

worked for KAR Holdings, ADESA, IAAI, and ADESA Florida as Inside Sales Personnel,

Outside Sales Personnel, Operations Personnel and Salaried Personnel" during the three

years prior to the filing of the Complaint. *Id.* at ¶ 50. Plaintiffs claim all Defendants

"intentionally and repeatedly engaged in the practice of misclassifying non-exempt"

employees as salaried exempt employees. *Id.* at 51. Plaintiffs argue these statements put

Defendants on clear notice of the claims against them as required by Fed. R. Civ. P. 8(a).

Defendants argue that neither KAR nor IAAI employed any of the named Plaintiffs.

While Plaintiffs seek to bring this action on behalf of employees of all Defendants, each

Representative Plaintiff was allegedly employed by ADESA. *See* Plaintiffs' Collective

Action Complaint at ¶ ¶ 4-7. Plaintiffs' base their argument that KAR and IAAI should be

included in this action on the proposition that the defendants are part of an enterprise under

---

[2]The purpose of 29 C.F.R. § 779 is to "provide an official statement of the views of the Department of Labor with respect to the application and meaning of [the FLSA] . . . which govern rights and obligations of employees and employers in the various enterprises in which retail sales of goods or services are made." 29 C.F.R. § 779.

the FLSA that employs similarly situated employees as the named Plaintiffs.[3]  The reasoning

behind this argument was rejected by the Eleventh Circuit in *Patel*.  *Patel*, 203 F.2d at 637.

In *Patel*, the Eleventh Circuit considered whether individual entities making up an

FLSA enterprise should be jointly and severely liable for another entity's employees solely

because they are members of the enterprise.  *Id.* at 635.  The court recognized that "a

showing that two entities constitute an enterprise can be the first step in establishing coverage

under the FLSA, since coverage is determined in part by an annual dollar volume test."  *Id.*

at 635 (citing 29 U.S.C. § 206(a)) (additional citations omitted).  In addressing the question

of joint and several liability, the Court first considered that 29 U.S.C. § 206(a) imposes an

obligation on each employer in an enterprise to appropriately pay "each of *his* employees."

*Id.* (emphasis in original).  Next, the court looked to the legislative history of the statute,

concluding that the "legislative history clearly states the congressional purpose to expand

coverage the coverage of the Act, i.e., to lump related activities together to that the annual

dollar volume test for coverage would be satisfied," and noting further that "[t]he legislative

history contains no hint that Congress intended to make employers liable for the employees

of a separate entity in the enterprise."  *Id.* at 636.  Ultimately, the court held that "the

enterprise analysis is different from the analysis of who is liable under the FLSA.  The

finding of an enterprise is relevant only to the issue of coverage.  Liability is based on the

existence of an employer-employee relationship."  *Id.* at 637.

---

[3]Plaintiffs' Complaint does not allege that any of the Representative Plaintiffs were employees of either KAR or IAAI.

An "entity 'employs' a person if it 'suffers or permits' the individual to work." *Martinez-Mendoza v. Champion Intern Corp.*, 340 F.3d 1200, 1207 (11th Cir. 2003). "An entity 'suffers or permits' an individual to work if, as a matter of economic reality, the individual is dependent on the entity." *Id.* at 1208. The "economic reality test includes inquiries into whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997).

Plaintiffs Complaint lacks any allegations that either KAR or IAAI employed Plaintiffs, either expressly or as a matter of economic reality. As held in *Patel*, the fact that KAR and IAAI may have comprised an enterprise for FLSA purposes does not make them liable for any failure on the part of ADESA to appropriately compensate its employees. Absent any allegations that an employer-employee relationship existed between KAR or IAAI and a Representative Plaintiff, the Court concludes Defendants Motions should be granted.

It is therefore ORDERED AND ADJUDGED that:

1. KAR Holdings, Inc.'s Motion to Dismiss (Dkt. 16) is **GRANTED**. KAR Holdings, Inc., is **DISMISSED** from this action without prejudice.

2. Defendant Insurance Auto Auctions, Inc.'s Motion to Dismiss (Dkt. 17) is **GRANTED**. Insurance Auto Auctions, Inc., is **DISMISSED** from this action without prejudice.

3.      Plaintiffs' Motion for Enlargement of Time to Respond to Motion to

Dismiss and for Entry of Order Permitting Discovery (Dkt. 22) is **DENIED**

**as moot**.

**DONE** and **ORDERED** in Tampa, Florida on August 27, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-602.mtd KAR and IAAI.frm